# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>MIDDLE DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) No. |
| | ) |
| **FUBIN QUI** and | ) |
| **ZHEN CHEN,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>INDICTMENT</u>

The Grand Jury Charges that:

### INTRODUCTION

1. Walmart is a national retail store with locations in the Northern District of Alabama, including at 2453 2nd Avenue East, Oneonta, Alabama (the "Oneonta Walmart"), 973 Gilbert Ferry Road Southeast, Attalla, Alabama (the "Attalla Walmart"), and 1972 Highway 431, Boaz, Alabama (the "Boaz Walmart").

2. Among other products, Walmart sells pre-paid gift cards and debit cards, including Visa, MasterCard, and American Express cards, as well as iTunes, Steam, Play Station, and Google Play prepaid cards, among others. Walmart provides point of sale "self-checkout" terminals that permit customers to purchase products using a credit card, debit card, or pre-paid gift card by swiping or scanning the card at the terminal's electronic payment system.

3. The act of swiping or scanning the card to make a purchase results in an interstate wire transfer of financial information. The wire travels from the point of sale terminal at the Walmart location to servers located in Bentonville, Arkansas or Colorado Springs, Colorado, and then to First Data in Omaha, Nebraska, or Chandler, Arizona. First Data is the payment processor for Walmart. Once First Data confirms the payment information, its server then sends a wire communication through a Walmart server in Bentonville or Colorado Springs, which then routes the wire communication back to the originating Walmart store.

## COUNT ONE
### Conspiracy
### [18 U.S.C. § 371]

4. The Grand Jury adopts and incorporates the allegations contained in paragraphs One through Three of this Indictment as if specifically stated herein.

5. Beginning on a date unknown to the Grand Jury, and continuing thereafter up to at least January 2020, in Blount, Etowah, and Marshall County, within the Northern District of Alabama, and elsewhere, Defendants,

**FUBIN QUI and ZHEN CHEN**,

and others both known and unknown to the Grand Jury, did knowingly and willfully conspire, combine, and agree to commit offenses against the United States, that is, to knowingly devise and intend to devise a scheme and artifice to defraud to obtain money and property belonging to others by means of materially false and fraudulent

pretenses, representations, and promises, by use of interstate wire communications and transmissions, in violation of Title 18, United States Code, Section 1343.

### OBJECT OF THE CONSPIRACY

6. It was the object of the conspiracy that FUBIN QUI and ZHEN CHEN and others unknown to the Grand Jury would use fraudulently obtained Walmart gift cards to purchase other gift cards and prepaid debit cards at Walmart locations in Oneonta, Attalla, and Boaz, within the Northern District of Alabama, and elsewhere.

### MANNER AND MEANS OF THE CONSPIRACY

7. In order to further the objects and goals of the conspiracy, FUBIN QUI and ZHEN CHEN used the following manner and means, among others:

8. FUBIN QUI, ZHEN CHEN, and others conspired to purchase various gift cards and prepaid debit cards from Walmart locations in the Northern District of Alabama using fraudulently obtained Walmart gift cards purchased by unsuspecting victims located across the United States.

9. Victims were lured into the scheme in at least three known ways, including responding to a text message, responding to an email, or searching for financial services on the internet and requesting contact from a fraudulent website. Once these victims were contacted by members of the conspiracy, they were induced into purchasing prepaid Walmart gift cards using a number of different methods. In one scheme, the victims were told they could satisfy outstanding debts at a fraction

of the cost by sending Walmart gift cards as payment of their debts. In another scheme, the victim temporarily received funds in their bank account and then sent funds back to a member of the conspiracy in the form of Walmart gift cards. The funds deposited into their bank account were then discovered to be fraudulent, and the funds transfer was reversed. Other victims received an email that appeared to be from their supervisor at work that instructed the victim to purchase Walmart gift cards to be used by the supervisor at a business meeting. Once the gift cards were sent, the victim learned the email was fraudulent. These are just a few examples of schemes used to defraud victims that have been used by participants in the wire fraud scheme.

10. For each of the schemes, the victims were instructed to send photographs of the full Walmart gift card number to the participant in the conspiracy via text message. The Walmart gift card numbers were then transferred to other participants in the conspiracy, like Defendants FUBIN QUI and ZHEN CHEN, to be used to purchase other prepaid debit cards and gift cards.

11. It was part of the conspiracy that Defendants FUBIN QUI and ZHEN CHEN would travel from Texas or other states to Walmart locations in Alabama to purchase prepaid debit cards and gift cards. At these Alabama locations, QUI and CHEN used the fraudulently obtained Walmart gift card to purchase the prepaid debit cards or gift cards.

### ACTS IN FURTHERANCE OF THE CONSPIRACY

12. In furtherance of the conspiracy and to effect its objects, the following overt acts, among others, were committed in the Northern District of Alabama and elsewhere:

    a. On or about January 8, 2020, Defendants FUBIN QUI and ZHEN CHEN traveled to the Oneonta Walmart in furtherance of the conspiracy.

    b. On or about January 8, 2020, at the Oneonta Walmart, QUI used fraudulently obtained Walmart gift cards to conduct at least two transactions at the self-checkout terminal. In the first transaction, QUI purchased two $50 Steam cards, two $50 Google Play cards, two $50 Play Station cards, and two $100 iTunes cards for a total transaction amount of $500. To fund the purchase, QUI used two prepaid Walmart gift cards that had been fraudulently obtained. In a second transaction, QUI purchased two $50 Steam cards, two $50 Google Play cards, two $50 Play Station cards, and two $100 iTunes cards for a total transaction amount of $500. To fund the purchase, QUI used one prepaid Walmart gift card that had been fraudulently obtained.

    c. On or about January 8, 2020, at the Oneonta Walmart, CHEN used fraudulently obtained Walmart gift cards to conduct at least one transaction at the self-checkout terminal. CHEN purchased two $50 Steam cards, two $50 Google Play cards, two $50 Play Station cards, and two $100 iTunes cards for a total transaction

amount of $500. To fund the purchase, CHEN used two prepaid Walmart gift cards that had been fraudulently obtained.

  d. On or about January 8, 2020, QUI and CHEN traveled to the Attalla Walmart in furtherance of the conspiracy.

  e. On or about January 8, 2020, at the Attalla Walmart, QUI used fraudulently obtained Walmart gift cards to conduct at least two transactions at the self-checkout terminal. In the first transaction, QUI purchased two $50 Steam cards, two $50 Google Play cards, two $50 Play Station cards, and two $100 iTunes cards for a total transaction amount of $500. To fund the purchase, QUI used one prepaid Walmart gift card that had been fraudulently obtained. In a second transaction, QUI purchased two $50 Steam cards, two $50 Google Play cards, two $50 Play Station cards, and two $100 iTunes cards for a total transaction amount of $500. To fund the purchase, QUI used one prepaid Walmart gift card that had been fraudulently obtained.

  f. On or about January 8, 2020, at the Attalla Walmart, CHEN used fraudulently obtained Walmart gift cards to conduct at least five transactions at the self-checkout terminal. In the first transaction, CHEN purchased one $100 iTunes card for a total transaction amount of $100. To fund the purchase, CHEN used one prepaid Walmart gift card that had been fraudulently obtained. In the second transaction, CHEN purchased two $50 Steam cards, two $50 Google Play cards, two

$50 Play Station cards, and two $100 iTunes cards for a total transaction amount of $500. To fund the purchase, CHEN used two prepaid Walmart gift cards that had been fraudulently obtained. In a third transaction, CHEN purchased two $50 Steam cards, two $50 Google Play cards, two $50 Play Station cards, and two $100 iTunes cards for a total transaction amount of $500. To fund the purchase, CHEN used one prepaid Walmart gift card that had been fraudulently obtained. In a fourth transaction, CHEN purchased two $50 Steam cards, two $50 Google Play cards, two $50 Play Station cards, and two $100 iTunes cards for a total transaction amount of $500. To fund the purchase, CHEN used one prepaid Walmart gift card that had been fraudulently obtained. In a fifth transaction, CHEN purchased two $50 Steam cards, two $50 Google Play cards, two $50 Play Station cards, and two $100 iTunes cards for a total transaction amount of $500. To fund the purchase, CHEN used one prepaid Walmart gift card that had been fraudulently obtained.

g.   On or January 8, 2020, QUI and CHEN traveled to the Boaz Walmart in furtherance of the conspiracy.

All in violation of Title 18, United States Code, Sections 371 and 2.

## COUNTS TWO through ELEVEN
### Wire Fraud
### [18 U.S.C. § 1343]

13.   The Grand Jury adopts and incorporates paragraphs One through Twelve of the Indictment as if specifically stated herein.

## NATURE AND PURPOSE OF THE SCHEME TO DEFRAUD

14. Beginning on a date uncertain, and continuing thereafter up to at least January 8, 2020, in the Northern District of Alabama and elsewhere, Defendants,

**FUBIN QUI and ZHEN CHEN**,

did knowingly and with intent to defraud, devise and intend to devise, and attempt to devise, a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises.

## THE SCHEME AND ARTIFICE

15. It was part of the scheme and artifice to defraud that QUI and CHEN purchased prepaid debit cards and gift cards using Walmart Gift Cards that were fraudulently obtained.

16. Victims were lured into purchasing prepaid Walmart gift cards using at least three known schemes, including responding to a text message, responding to an email, or searching for financial services on the internet and requesting contact from a fraudulent website. Once these victims were contacted by members of the conspiracy, they were induced into purchasing prepaid Walmart gift cards using a number of different methods. In one scheme, the victims were told they could satisfy outstanding debts at a fraction of the cost by sending Walmart gift cards as payment of their debts. In another scheme, the victim temporarily received funds in their bank account and then sent funds back to a member of the conspiracy in the form of

Walmart gift cards. The funds deposited into their bank account were then discovered to be fraudulent, and the funds transfer was reversed. Other victims received an email that appeared to be from their supervisor at work that instructed the victim to purchase Walmart gift cards to be used by the supervisor at a business meeting. Once the gift cards were sent, the victim learned the email was fraudulent. These are just a few examples of schemes used to defraud victims that were used by participants in the wire fraud scheme.

17. For each of the schemes, including those used to entice victims to purchase gift cards that were used by QUI and CHEN, the victims were instructed to send photographs of the full Walmart gift card number to the participant in the conspiracy via text message. The Walmart gift card numbers were then transferred to other participants in the conspiracy, like Defendants FUBIN QUI and ZHEN CHEN, to be used to purchase other prepaid debit cards and gift cards.

18. Defendants FUBIN QUI and ZHEN CHEN then traveled to Walmart locations in Oneonta, Attalla, and Boaz, Alabama. QUI and CHEN completed purchases at the self-checkout terminals at these Walmart locations.

## THE WIRE COMMUNICATIONS

19. On or about the dates listed below, each such date constituting a separate count of the Indictment, in the specified Walmart store located within the Northern District of Alabama, for the purpose of executing the above-described scheme and artifice, the named Defendant transmitted and caused to be transmitted and attempted to transmit in interstate commerce, by means of a wire communication, certain signs, signals, and communications, that is, the specified Defendant caused an interstate wire communication between Alabama and another state to be made as described below, for each Count:

| COUNT | DATE | DEFENDANT | AMOUNT | LOCATION | DESCRIPTION |
|---|---|---|---|---|---|
| 2 | 1/8/2020 | QUI | $500 | Oneonta | Purchased two $50 Steam cards, two $50 Google Play cards, two $50 Play Station cards, and two $100 iTunes cards using fraudulently obtained Walmart gift cards |
| 3 | 1/8/2020 | QUI | $500 | Oneonta | Purchased two $50 Steam cards, two $50 Google Play cards, two $50 Play Station cards, and two $100 iTunes cards using fraudulently obtained Walmart gift cards |
| 4 | 1/8/2020 | QUI | $500 | Attalla | Purchased two $50 Steam cards, two $50 Google Play cards, two $50 Play Station cards, and two $100 iTunes |

|   |   |   |   |   | cards using fraudulently obtained Walmart gift cards |
|---|---|---|---|---|---|
| 5 | 1/8/2020 | QUI | $500 | Attalla | Purchased two $50 Steam cards, two $50 Google Play cards, two $50 Play Station cards, and two $100 iTunes cards using fraudulently obtained Walmart gift cards |
| 6 | 1/8/2020 | QUI | $500 | Oneonta | Purchased two $50 Steam cards, two $50 Google Play cards, two $50 Play Station cards, and two $100 iTunes cards using fraudulently obtained Walmart gift cards |
| 7 | 1/8/2020 | CHEN | $100 | Attalla | Purchased one $100 iTunes card using a fraudulently obtained Walmart gift card |
| 8 | 1/8/2020 | CHEN | $500 | Attalla | Purchased two $50 Steam cards, two $50 Google Play cards, two $50 Play Station cards, and two $100 iTunes cards using fraudulently obtained Walmart gift cards |
| 9 | 1/8/2020 | CHEN | $500 | Attalla | Purchased two $50 Steam cards, two $50 Google Play cards, two $50 Play Station cards, and two $100 iTunes cards using fraudulently obtained Walmart gift cards |

| 10 | 1/8/2020 | CHEN | $500 | Attalla | Purchased two $50 Steam cards, two $50 Google Play cards, two $50 Play Station cards, and two $100 iTunes cards using fraudulently obtained Walmart gift cards |
| 11 | 1/8/2020 | CHEN | $500 | Attalla | Purchased two $50 Steam cards, two $50 Google Play cards, two $50 Play Station cards, and two $100 iTunes cards using fraudulently obtained Walmart gift cards |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## NOTICE OF FORFEITURE

**[Forfeiture – 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A) and 28 U.S.C. § 2461(c)]**

1.   The allegations of Counts One through 11 of the Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A) and Title 28, United States Code, Section 2461(c).

2.   Pursuant to Rule 32.2(a) of the *Federal Rules of Criminal Procedure* and Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), Defendants,

**FUBIN QUI and ZHEN CHEN**,

upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1343 set forth in Counts One through 11 of this Indictment, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), any property, real or personal, that constitutes or is derived from, directly or indirectly, proceeds traceable to the commission of the said violations, including, but not limited to, the following:

**JUDGMENT FOR PROCEEDS**

A sum of money equal to at least $90,800, in United States currency, representing the amount of gift cards and prepaid debit cards that were fraudulently obtained in connection with the offenses as alleged.

3. If any of the above-described forfeitable property, as a result of any act or omission of the Defendants:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the Court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property that cannot be divided without difficulty;

The United States shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All in accordance with Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), and Title 28, United States Code, Section 2461, and Rule 32.2 of the *Federal Rules of Criminal Procedure*.

A TRUE BILL.


*/s/ Electronic Signature*
GRAND JURY FOREPERSON

                                      JAY E. TOWN
                                      United States Attorney


                                      */s/ Electronic Signature*
                                      CATHERINE CROSBY LONG
                                      Assistant United States Attorney